IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JOHNNIE M. HOLLEY          )
                                 )
     v.                      )      NO. 3:12-1078
                                 )
CCA METRO DAVIDSON COUNTY   )


TO:  Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered October 31, 2012 (Docket Entry No. 3), this action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure

and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment (Docket Entry

No. 15) filed by Defendant Corrections Corporation of America.  Also before the Court is the

Plaintiff's response in opposition.  See Docket Entry No. 24.  Set out below is the Court's

recommendation for disposition of the motion.


## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC").  He has

been confined at the Metro-Davidson County Detention Facility ("Detention Facility") since May 17,

2012.  The Detention Facility is operated by Corrections Corporation of America, Inc. ("CCA"), a

private entity that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility.

On October 19, 2012,[1] the Plaintiff filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 against CCA.[2] He alleges that he experienced difficulty obtaining the personal hygiene items, i.e., "soap, toothpaste, etc. etc.," see Complaint (Docket Entry No. 1), at 5, given to inmates at the Detention Facility who are considered indigent. He contends that the one bar of soap he was given after arriving at the Detention Facility on May 17, 2012, ran out and that he has not been able to obtain new soap or the other hygiene items despite filling out several informal resolution requests and a grievance. Id. He asserts that he developed a "real nasty fungus rash" on his left foot because he was not able to keep clean and contends that the system at the Detention Facility for providing hygiene items to indigent inmates is flawed. Id. Attached to the Complaint are copies of the Informal Resolution and Grievance forms the Plaintiff filed during July 2012, about not receiving hygiene items. Id. at 7-15. The only relief requested in the Complaint is "a better system." Id. at 5. CCA has filed an answer (Docket Entry No. 10), and a scheduling order (Docket Entry No. 11) was entered setting out deadlines for pretrial activity in the action.

Defendant CCA contends that dismissal of the Plaintiff's action is required because he did not pursue an administrative appeal from the denial of the grievance that he filed and thus did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42

---

[1] The Complaint was signed by the Plaintiff on August 6, 2012, but mailed to the Court in October 2012. See Docket Entry No. 1, at 6.

[2] Although the Plaintiff lists "CCA Metro Davidson County" in the style of the Complaint, he lists CCA as the defendant in the body of the complaint, see Docket Entry No. 1, at 4, and the Court views CCA as the lone defendant in the action.

U.S.C. § 1997e(a). With respect to the merits of the Plaintiff's claim, CCA argues that the Plaintiff's allegations that he did not receive hygiene items are contradicted by the evidence, that his allegations do not support a constitutional claim, that he has shown only a de minimis physical injury, and that he seeks to hold CCA liable based upon a theory of respondeat superior, which is not sufficient to state a claim under Section 1983. In support of its motion, CCC submits the affidavit of Blair Leibach, the Warden at the Detention Facility (Docket Entry No. 18), the affidavit of Tracie Mathews, a CCA employee and the former Manager of Quality Assurance at the Detention Facility (Docket Entry No. 19), and copies of prison documents and policies attached to the affidavits. See Docket Entry Nos. 18-1 and 19-1.

The Plaintiff filed a response (Docket Entry No. 24) to the Defendant's Statement of Undisputed Facts in which he disputes several of the factual assertions made by CCA, contends that he did not have personal hygiene items during June and July 2012, and argues that he fully grieved the matter to the extent he believed was required. The Plaintiff's response is not supported by any other filings. By Order entered March 28, 2013 (Docket Entry No. 25), the Court acknowledged receipt of the response and advised the Plaintiff that if he wished to make any additional filings or submit evidentiary materials as part of his response to the motion for summary judgment, he must do so by April 12, 2013. The Plaintiff has not filed any additional materials or otherwise responded to the Order of March 28, 2013.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the

3

movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on

the pleadings but must present evidence supporting the claims asserted by the party. <u>Banks v. Wolfe</u> <u>Cnty. Bd. of Educ.</u>, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. <u>See</u> <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. <u>Bell v. Ohio State Univ.</u>, 351 F.3d 240, 247 (6th Cir. 2003) (quoting <u>Anderson</u>, 477 U.S. at 252).

### III. ANALYSIS

The Court finds that summary judgment should be granted to the Defendant. The Plaintiff's claim has not been properly exhausted. Additionally, although the Plaintiff's allegations were sufficient to state a claim for relief permitting the case to survive frivolity review under 28 U.S.C. § 1915(d), at this stage of the proceedings and when challenged upon a motion for summary judgment, there is insufficient evidence before the Court upon which a reasonable jury could find in favor of the Plaintiff on this claim.

### A. The Plaintiff's Response

Although the Plaintiff is proceeding <u>pro se</u>, his <u>pro se</u> status does not relieve him of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an

opposing party. <u>Sixty Ivy St. Corp. v. Alexander,</u> 822 F.2d 1432, 1435 (6th Cir. 1987). Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); <u>Dole v. Elliott Travel & Tours, Inc.</u>, 942 F.2d 962, 969 (6th Cir. 1991). It is the Plaintiff's burden to point to specific admissible evidence that supports his claim. <u>Lujan</u>, 497 U.S. at 888; <u>Banks</u>, 330 F.3d at 892. Although the Plaintiff filed a response to the Defendant's Statement of Undisputed Facts, he has not supported his response with any type of actual evidence.

## B. Exhaustion of Administrative Remedies

The PLRA states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. <u>Porter v. Nussle</u>, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); <u>Booth v. Churner</u>, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that must be pled and proven by the defendant. <u>Jones v. Bock</u>, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has

complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, the Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

CCA Policy No. 14-5 provides that an inmate at the Detention Facility who is not satisfied with the decision on his grievance may complete the appeal section of the grievance form and resubmit the grievance for a decision by the warden. See Docket Entry No. 19-1. It is undisputed that the Plaintiff filed an administrative grievance on July 20, 2013, about not receiving adequate personal hygiene items and that his grievance was responded to on July 30, 2012, without a favorable resolution. See Docket Entry No. 19-2, at 17-18. It is also undisputed that he did not appeal the grievance to the warden. Id. The Plaintiff states in his response that he thought he had exhausted his administrative remedies. He asserts that the 2011/2012 Inmate Handbook he received at the Detention Facility "don't say nothing" about appealing the grievance to the warden and "no one told me I could appeal." See Docket Entry No. 3.

The Court is not persuaded by the Plaintiff's argument. First, the Plaintiff has not set forth any actual evidence that the 2011/2012 Inmate Handbook lacks a provision that inmates can appeal to the warden from the denial of their grievances. Second, the grievance form itself contained a section entitled "Inmate/Resident Appeal" immediately following the decision of the staff member who made the initial decision on the grievance. See Docket Entry No. 19-2, at 18. Accordingly, the Court finds that the Plaintiff has not shown any basis to excuse his failure to file an administrative appeal of the denial of his grievance and has, thus, not shown compliance with the PLRA.

<u>C. Merits of the Plaintiff's Claim</u>

Although the Defendant argues that the Plaintiff's allegations are factually inaccurate, <u>see</u> Docket Entry No. 16, at 2-3, the Defendant has not set forth any evidence that the Plaintiff actually received an indigent inmate hygiene package at any point prior to August 9, 2012. According to both parties, the inmate signs a form upon receipt of the hygiene package, and the Defendant provided copies of these forms, signed by the Plaintiff, beginning in August 2012. <u>See</u> Docket Entry No. 18-1, at 2-7. Although Warden Leibach attests that the Plaintiff, like all inmates at the Detention Facility, received one month of hygiene supplies upon his incarceration at the Detention Facility on May 17, 2012, Leibach does not show personal knowledge of this fact and the Defendant has not provided copies of the prison documents which would support this assertion. Although the Plaintiff admits to receiving a bar of soap on or about May 17, 2012, he disputes that he received an indigent inmate hygiene package in June or July 2012.[3] Additionally, although the Defendant contends that the Plaintiff was given a bar of soap on May 23 and June 20, 2012, and provided a copy of an inmate progress sheet supporting this assertion, <u>see</u> Docket Entry No. 18-1, at 1, the Plaintiff, in his Complaint and in his various Informal Resolution requests, states that he received only one bar of soap during this time.

Accordingly, contrary to the Defendant's contention, factual disputes do exist. However, the Court finds that these factual disputes do not raise genuine issues of material fact that require resolution by a jury. Even if the disputes are viewed in the light most favorable to the Plaintiff, his claim warrants dismissal because there is simply no evidence before the Court showing that he was

---

[3] In his response to the motion for summary judgment, the Plaintiff asserts that his lawsuit is only "about June and July." <u>See</u> Docket Entry No. 24, at 2.

subjected to the type of severe conditions of confinement which are required to support a violation of the Eighth Amendment.

Under the Eighth Amendment, prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Basic elements of personal hygiene have been found to be within the realm of life's minimal necessities. See Parrish v. Johnson, 800 F.2d 600, 609 (6th Cir. 1986). The Supreme Court in Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), set forth a two-pronged framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. First, the Plaintiff must plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Id. Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Second, the Plaintiff must establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. Id. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The Plaintiff fails to provide evidence supporting the objective prong of his claim. In order to satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). The Eighth Amendment is not violated by prison conditions which are harsh. Rhodes, 452 U.S. at 347. Even if the Court takes as true the allegations that the Plaintiff went from May 17, 2012, to

August 8, 2012, with only a single bar of soap, he does not allege that he was denied access to a shower or prevented from washing. Further, although the Plaintiff complains that he developed a foot fungus on one of his feet during this time period, he was seen by the medical department for this problem, see Complaint (Docket Entry No. 1), at 15, and he has not set forth any evidence showing that he suffered an actual and substantial risk of serious damage to his health because of the lack of hygiene items. See Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). While the Plaintiff may have had to endure a period of time when he did not have the hygiene items at issue, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment," Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987), and conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). Given the totality of the allegations made by the Plaintiff and the evidence which is before the Court, no reasonable jury could find that he endured conditions of confinement which rose to the level of a constitutional violation.

Because the Court finds that the Plaintiff has not shown compliance with the exhaustion requirement of the PLRA and because the Court finds insufficient evidence exists to support a constitutional claim, it is unnecessary to address the Defendant's alternative arguments that the Plaintiff has sued the Defendant only under a theory of respondeat superior. The Defendant's argument that the Plaintiff fails to assert a physical injury sufficient to satisfy the requirement of

42 U.S.C. § 1997e(e) is inapposite because the physical injury requirement only applies to claims for emotional or mental damages and the Plaintiff does not seek such damages in this action.[4]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 15) filed by Defendant Corrections Corporation of America be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[4] The Defendant acknowledges that its argument relating to the de minimis nature of the Plaintiff's injury is not relevant to the Plaintiff's claims in this case. See Docket Entry No. 16, at 12 n.8.