UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHNNIE M. HOLLEY | ] | |
|     Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:12-1078 |
| | ] | Judge Trauger |
| CCA METRO DAVIDSON COUNTY | ] | |
|     Defendant. | ] | |

**O R D E R**

Presently before the Court are defendant's Motion for Summary Judgment (Docket Entry No.15), plaintiff's Response (Docket Entry No.24) in opposition to the Motion for Summary Judgment, a Report and Recommendation (Docket Entry No.28) from the Magistrate Judge, and plaintiff's timely Objections (Docket Entry No.35) to the Report and Recommendation.

The Court is now obliged to conduct a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1).

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Corrections Corporation of America, a private entity under contract to operate the Metro Davidson County Detention Facility, alleging that the defendant denied him those items needed to maintain personal hygiene (e.g. soap and toothpaste) for the months of June, July and part of August, 2012, causing him to develop a "fungus rash" on his left foot.

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P.

The Magistrate Judge has concluded that defendant's Motion for Summary Judgment should be granted for two reasons. First, she determined that the plaintiff's claim had not been properly exhausted as required by statute. In addition, the Magistrate Judge found that, even if the plaintiff's allegations are true, no reasonable jury would find that the lack of soap for two months constituted cruel and unusual punishment when the plaintiff was denied neither access to a shower nor medical care for the foot fungus.

The Prison Litigation Reform Act prohibits prisoners from challenging conditions of their confinement in federal court until they have exhausted all available administrative remedies. 42 U.S.C. § 1997e(a).

The defendant has raised as an affirmative defense plaintiff's failure to fully exhaust his claim. Docket Entry No.15 at pg.1. In support of this defense, an affidavit (Docket Entry No.19) was presented showing that there were three steps in the administrative remedy process available to the plaintiff. These steps included an informal resolution of a grievance, Docket Entry No.19-1 at pg.5, a formal grievance, *Id.* at pg.7, and an appeal to the Warden. *Id.* at pg.9. According to the affidavit, the plaintiff presented his

claim to prison officials through the first two steps but never raised it in an appeal to the Warden.

In the face of an exhaustion defense, the plaintiff is now burdened with the task of showing by "significant probative evidence" that he did in fact comply with the requirements of exhaustion. Napier v. Laurel County, Kentucky, 636 F.3d 218,225 (6th Cir.2011). He acknowledges that he sought an informal resolution of his claim prior to filing a formal grievance. Docket Entry No.35. However, the plaintiff has offered no evidence to show that he completed the grievance process by filing an appeal to the Warden.

With the absence of such a showing, the Magistrate Judge correctly determined that the plaintiff had failed to fully exhaust his administrative remedies prior to filing the instant action.

Accordingly, the plaintiff's objections are hereby OVERRULED. The Report and Recommendation is ADOPTED and APPROVED in all respects. Defendant's Motion for Summary Judgment is GRANTED and this action is DISMISSED.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge